REID, Judge ad hoc.
This is a suit for breach of contract and-return of the sum of $960 paid on the contract by the plaintiff to defendant. Both plaintiff and defendant admit the existence of a verbal contract entered into in 1957 whereby the defendant, Dr. E. Angelo, obligated himself to perform certain work on the plaintiff’s tung orchard. This consisted of discing two rounds on 120 acres at $2.50 per acre per round or a total of $300 per round, and cross discing one round at $3 an acre for a total of $360.
The plaintiff claimed in his suit that the defendant did not do the work or, if done, it was not completed, and asked for a return of the entire consideration which was paid in advance. In the alternative he asked that if the court finds that the defendant had completed part of the agreement then and in that event he be given credit for the amount or proportion of said agreement which had been completed.
The defendant admitted the contract and claimed that he had performed the following portions of it, to-wit:
Disc one round on 120 acres at $2.50 per acre .$300.00
Disc one round on 115 acres at $2.50 per acre .$287.50
or a total of $587.50.
Defendant further claimed that he was unable to complete the discing on account of the inclement weather and that he and the plaintiff agreed that he would do the cross discing the following spring. He further alleged that he was ready and willing to do the cross discing the following spring but was prevented by the plaintiff.
*194 The defendant further alleged that he had advanced the following sums of money and furnished the following services; in addition to the contract:
Gathering, bagging and hauling to tlie mill 17.65 tons of tung nuts of the 1957 crop at $28 00 per ton $494.00
Furnishing eighteen bags of ammonia nitrate for fertilizing tung nut trees at $3.65 per bag 65.70
Total $559.90
Less credit of payment by Joseph Odenwald 400.00
Balance due to Ernest Angelo $159.90
The defendant plead this amount as compensation and set off for the work not performed by him, which left a balance due the plaintiff of $212.60, and he then deposited said amount in the registry of the court.
The lower judge rendered judgment in favor of the plaintiff and against the defendant condemning the defendant to pay the plaintiff $372.50 subject to a credit of $159.90 as compensation and set off, which left a balance due of $212.60 and otherwise dismissed plaintiff’s suit at his cost.
He further ordered the bank to pay the plaintiff the sum of $212.60 deposited in the registry of the court.
From this judgment the plaintiff prosecuted this appeal.
There is very little dispute about the facts. Both parties admit the existence of the contract for the total sum of $960 and the payment of the amount in advance by the plaintiff. It seems that for several years Dr. Angelo, the defendant, a highly educated agriculturist and one with much experience in tung farms, had been operating the plaintiff’s tung farm of 120 acres. This contract entered into in 1957 was similar to the ones under which he had worked the previous years.
The plaintiff testified that the work had not been done and that he had seen burned places where the fertilizer had not been covered. His only witness, a Mr. Vinton Blackwell, testified he did not know whether the work had been done but that he did see a few spots of grass burned by fertilizer be< tween the trees.
Mr. Odenwald, the plaintiff, was a seaman and was gone most of the time, coming in when his boat would come to New Orleans or some close port and he would have a few days off and come up to the farm.
The testimony of the defendant, a man of high character and learning, and his three witnesses, C. J. Brown, Monroe Brumfield and Eugene McGee, is positive to the effect that the farm was disced once and all but five acres was disced the second time. Dr. Angelo admitted that the other discing had not been done and was willing to refund the plaintiff the unearned portion of the consideration which he had tendered into the registry of the court.
The defendant was prevented from completing his contract by the bad weather and his failure to complete it and his promise to perform the balance of the work in the spring was agreeable to the plaintiff. Later on in the spring of 1958 Dr. Angelo informed the plaintiff that due to his activities on his dairy farm he would be unable to work on the tung orchard as he had previously done but agreed to supervise whoever did do the work. Whether this was what caused Mr. Odenwald to change his mind the court does not know but the next thing the defendant knew Mr. Odenwald demanded the return of the entire money covered by the contract.
The plaintiff never put the defendant in default by calling on him to perform the balance of his contract. The default was caused by fortuitous events, viz, the bad weather. The plaintiff in his petition in his alternative demand asked for the amount the court gave him in this suit, viz, judgment for the unearned portion of the contract. The court feels that the district judge’s finding of fact was correct and sees no reason to disturb it.
For these reasons it is ordered that the judgment of the lower court be affirmed.
Affirmed.